# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Jacklyn Donevant, Respondent,

v.

Town of Surfside Beach, Petitioner.

Appellate Case No. 2015-002533

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal from Horry County
Deadra L. Jefferson, Trial Court Judge

Opinion No. 27771
Heard October 18, 2017 – Filed February 28, 2018

## AFFIRMED

Charles Franklin Thompson Jr., of Malone, Thompson, Summers & Ott, LLC, of Columbia, for Petitioner.

Henrietta U. Golding and James K. Gilliam, both of McNair Law Firm, of Myrtle Beach, for Respondent.

**JUSTICE FEW:** The court of appeals affirmed a jury verdict for Jacklyn Donevant in her wrongful termination action against the Town of Surfside Beach, finding her cause of action fit within the public policy exception to the at-will employment doctrine. *Donevant v. Town of Surfside Beach*, 414 S.C. 396, 778 S.E.2d 320 (Ct. App. 2015). The Town contends the court of appeals' decision "greatly expanded

the public policy exception."  We find the Town has misinterpreted the court of appeals' opinion.  We affirm.

The court of appeals set forth the facts of the case in detail.  414 S.C. at 399-404, 778 S.E.2d at 322-25.  We summarize below those facts necessary to explain our interpretation of the court of appeals' opinion.

The South Carolina Building Codes Council[1] is responsible for adopting the building code that applies throughout the state.  *See* S.C. Code Ann. §§ 6-9-40(A), 6-9-50(A) (Supp. 2017); 1 S.C. Code Ann. Regs. 8-236 (2011).  The Council has adopted the International Building Code.  *See* 1 S.C. Code Ann. Regs. 8-800 (Supp. 2017).  Each municipality is responsible for enforcing this building code in its jurisdiction.  *See* S.C. Code Ann. § 6-9-10(A) (Supp. 2017) (requiring all municipalities enforce the building code adopted by the South Carolina Building Code Council).  Before she was fired, Donevant served as the Town's "building official," a position each municipality is required to fill.  S.C. Code Ann. § 6-9-30(A) (Supp. 2017).  The building official's responsibilities are defined in the State regulations.  *See* 1 S.C. Code Ann. Regs. 8-105 (2011) (defining "building official" as "the officer designated by a local jurisdiction, who is charged with the administration and enforcement of Building Codes").  Chapter 1 of the building code provides, "The building official shall . . . enforce compliance with the provisions of this code" and "shall issue all necessary notices or orders to ensure compliance."  Int'l Bldg. Code §§ 104.2, 104.3 (2006).[2]

The building code requires anyone "who intends to construct, enlarge, alter, [or] repair . . . a building . . . shall first . . . obtain the required permit."  Int'l Bldg. Code § 105.1.  The building code further provides, "It shall be unlawful for any person . . . to erect, construct, alter, . . . [or] repair . . . any building . . . in conflict with or in violation of any of the provisions of this code."  Int'l Bldg. Code § 113.1.  Donevant

---

[1] The Council is an agency within the South Carolina Department of Labor, Licensing, and Regulation.  S.C. Code Ann. § 1-30-65 (2005).

[2] Although municipalities are not required to adopt Chapter 1, *see* § 6-9-50(A), the Town chose to do so.  *See* Surfside Beach, S.C., Ordinance No. 08-0641 (July 8, 2008) (adopting Chapters 1 through 35 of the 2006 Int'l Bldg. Code).

discovered unpermitted construction work she determined to be in violation of the building code, and she issued a stop work order.[3]  She was fired a few days later.

Our Legislature established the general public policy of enforcing the building code in subsection 6-9-5(A) of the South Carolina Code (Supp. 2017), which provides, "The public policy of South Carolina is to maintain reasonable standards of construction in buildings and other structures in the State consistent with the public health, safety, and welfare of its citizens."  The Legislature set forth the specific requirements of that policy by requiring every municipality to enforce the building code.  § 6-9-10(A).  As the Town's building official, Donevant was charged by State and local law to carry out this policy.  *See supra*, discussion of S.C. Code Ann. § 6-9-30(A), 1 S.C. Code Ann. Regs. 8-105, and Int'l Bldg. Code §§ 104.2, 104.3.  When she discovered construction work being done without a permit, which she correctly determined to be in violation of the building code, it became her mandatory responsibility to "ensure compliance."

As we read this record and the court of appeals' opinion, Donevant was fired because she carried out her mandatory responsibility under the law to enforce the provisions of the building code.  The jury charge and the closing arguments are not in the record, which prevents us from determining the precise factual question the trial court put before the jury.  However, during oral argument at the court of appeals, "the Town conceded that the reason Donevant was fired is not an issue on appeal."  *Donevant*, 414 S.C. at 408, 778 S.E.2d at 327.  Therefore, based on the record as it appears to us, the question on appeal is whether it is a violation of a clear mandate of public policy to fire a building official for enforcing the building code.  *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985).  As the court of appeals held, the answer is "yes."  This case fits squarely within the long-established limits of the public policy exception to the at-will employment doctrine because firing Donevant for enforcing the building code violates a clear mandate of public policy.  *See Barron v. Labor Finders of S.C.*, 393 S.C. 609, 614, 713 S.E.2d 634, 636-37 (2011) ("Under the 'public policy exception' to the at-will employment doctrine . . . an at-will employee has a cause of action in tort for wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy." (citing *Ludwick*, 287 S.C. 219, 337 S.E.2d 213)).

---

[3] A stop work order is an official document signed by the building official that requires all construction at the site to cease.  Int'l Bldg. Code §§ 114.1-114.3.

The Town makes several arguments to support its contention the court of appeals' decision expands the public policy exception, each of which we find the court of appeals effectively refuted. We address in particular only one of those arguments— the argument Donevant's claim does not fit within the public policy exception because her decision to issue a stop work order was discretionary under *Antley v. Shepard*, 340 S.C 541, 532 S.E.2d 294 (Ct. App. 2000), *aff'd as modified*, 349 S.C. 600, 564 S.E.2d 116 (2002). In *Antley*, the court of appeals held the public policy exception does not apply when an employee is fired for taking action she is "permitted, but not required" by law, to take. 340 S.C. at 549, 532 S.E.2d at 298. The Town argues the court of appeals' decision is in conflict with *Antley* because she was fired for taking the discretionary action of issuing a stop work order.

We do not read the court of appeals' opinion to be in conflict with *Antley*. Distinguishing *Antley* from this case, the court of appeals explained that "unlike *Antley*, where the statutes 'permitted but did not require' the tax assessor to take action, the statutory and building code provisions at issue here *required* Donevant's actions of enforcing compliance with the building code." 414 S.C. at 413, 778 S.E.2d at 329 (quoting *Antley*, 340 S.C. at 549, 532 S.E.2d at 298) (emphasis in original). Thus, according to the court of appeals, *Antley* does not control this case because Donevant was not fired for taking the discretionary action of issuing the stop work order. Rather, she was fired for carrying out the building official's mandatory legal duty to "enforce compliance" with the building code. We agree with the court of appeals. While some statements in the court of appeals' opinion may suggest Donevant was fired for taking the discretionary action of issuing the stop work order,[4] the basis of the court's decision—with which we agree—is that the

---

[4] The court of appeals stated "to carry out her legal duty to 'enforce compliance' with the building code, Donevant issued a stop-work order as she was required to do by law," 414 S.C. at 413, 778 S.E.2d at 329, and, "By suspending Donevant and ultimately terminating her for issuing the stop-work order at the Pier Restaurant, Duckett effectively discharged Donevant for refusing to violate the law," 414 S.C. at 413, 778 S.E.2d at 330. We do not read these statements to say Donevant was fired because she chose to issue a stop work order as the means of enforcing the building code, but to merely explain the particular action she took in fulfilling her mandatory duty. As the court of appeals also stated, "Donevant was enforcing the building code and therefore enforcing a clear mandate of public policy when she issued the stop-work order," 414 S.C. at 415, 778 S.E.2d at 331, and, "the law required Donevant to take action to enforce compliance with the building code when she saw unpermitted construction," 414 S.C. at 411, 778 S.E.2d at 328.

public policy exception applies to her claim because she was fired for enforcing the building code. Under the circumstances of this case, firing Donevant for carrying out her mandatory responsibility to enforce the building code violates public policy.

The court of appeals' decision is **AFFIRMED**.

**BEATTY, C.J., KITTREDGE, JAMES, JJ., and Acting Justice Donald Bruce Hocker, concur.**